[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S CRAFTSMEN, INC. MOTION FOR SUMMARY JUDGMENT (No. 181)
The defendant Craftsmen, Inc. seeks summary judgment on the first count of the plaintiff Norma Vreeland's complaint directed against it which is based on allegations she is a third party beneficiary of a remodeling contract between the defendant Craftsmen and defendants Fred and Abe Kaoud, that Craftsmen breached the covenant that the work would be performed in a workmanlike manner, and that this failure resulted in the plaintiff's injuries.
The defendant Craftsmen claims that there was no intent to benefit third parties and to support its claim filed an affidavit of its president which states that there was no "intent to assume a direct obligation to the plaintiff Norma Vreeland or any other person. . . ."
The test to determine whether the contract creates a direct obligation on the part of the promisor to the third party is the intent of the parties to the contract. Colonial Discount Co. v. Avon Motors, Inc., 137 Conn. 196, 200 (1950). "In ascertaining such intent, however, all of the circumstances surrounding the CT Page 4102 making of the contract must be taken into consideration, and the motives of the parties and the ends which they sought to accomplish by their contract are relevant." It is, however, "`well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.'" State v. Goggin, 208 Conn. 606, 619
(1988), quoting United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 376 (1969).
Accordingly, the motion for summary judgment is denied.
Robert I. Berdon, Judge